UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ANDREW BIVIANO,

    Plaintiff,

vs.

CITY OF LIGHTHOUSE POINT, FLORIDA

    Defendant.

_____/

COMES NOW, Plaintiff, ANDREW BIVIANO ("Biviano"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby files this Complaint against Defendant, CITY OF LIGHTHOUSE POINT, FLORIDA ("the City"), and states as follows:

**JURISDICTION AND VENUE**

1. This is an action for deprivation under color of law rights guaranteed by the United States Constitution pursuant to 42 U.S.C. § 1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b). The parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this judicial district.

**THE PARTIES**

3. Biviano is the owner of the property located at 2830 NE 22nd Ave, Lighthouse Point, Florida 33064 (the "Property").

4. Defendant, City of Lighthouse Pointe (the "City"), Florida is a political subdivision of the State of Florida.

1

## INTRODUCTION

5.  Plaintiff, after being denied a writ of certiorari in the 4th District court of Appeals, got into compliance and was able to close his permit by covering the swale area of this driveway in sod.

6.  Plaintiff got into compliance about twenty days after the writ was denied, by August 20, 2021.

7.  On December 1, 2021, an order from the Special Magistrate reduced the fine for the expired permit to $7,500.

8.  The Plaintiff then appealed to the City Commission pursuant to Sec. 2-260(f) of the Code of Ordinances of the City of Lighthouse Point for review of the Final Order of the City of Lighthouse Point Special Magistrate; Plaintiff sought to reduce the fine to $0 based on the representations of the Magistrate on the record at status hearings that diligent prosecution of the appeal would be looked upon favorably. Lighthouse Point, Florida, Municipal Code § 2-260.

9.  On December 14, 2021, the city commission affirmed the fine of $7,500. During the meeting, the mayor of the City at the time, Glenn Troast, stated that the fine of $7,500 is reasonable from an administrative perspective and said it is also fair in light of comments made by Plaintiff's attorney in the appeals.

## GENERAL ALLEGATIONS

10. In September 2018, Plaintiff made the first application for a permit to install a new semi-circular concrete driveway.

11. Plaintiff wanted to change the driveway from black asphalt to concrete.

12. The swale area of the property was covered in asphalt and had been this way since the Plaintiff's grandfather purchased the home more than thirty years ago.

13. The initial permit was rejected by the City. The City required any swale to be covered in sod if the driveway was being redone.

14. Plaintiff submitted a new application that removed the new driveway portion over the swale area. Plaintiff did not want to remove the asphalt and thought this new plan would allow it to stay as is.

15. The City approved the application and plans for the second permit application and issued the permit on October 3, 2018.

16. The driveway construction was promptly completed, and a final driveway inspection was approved by the building inspector on November 21, 2018.

17. However, on November 26, 2018, a Zoning inspector marked the driveway as out of compliance. The comments stated the driveway measurements were smaller than the measurements shown in the approved plans. There was no mention of grass in the right of way in the comments.

18. Plaintiff submitted a revised permit application to change the driveway measurements to match the as-built driveway.

19. On the revised plan, at some point someone penciled in "Grass" over the swale area on the plan. This change was not clouded, dated, or given a numbered "change symbol," and it was not listed in the permit notes or on an "errata sheet."

20. On December 12, 2018, the City approved the permit modification.

21. On February 19, 2019, the Zoning Division failed the final inspection again, and stated for the first time that there needed to be sod in the City right of way ("ROW"). City Planner Timothy Haynes informed Plaintiff by email that the City's reason for requiring the sod in the

swale was Sec. 14-1 of the City's Code of Ordinances ("Code"). This was the first time Plaintiff had heard of this requirement.

22. Section 14-1 stated the opposite, that the driveway could remain in the swale, so the Plaintiff hired counsel in early 2019 to try to resolve the situation.

23. The Building Official sent a notice to the Plaintiff advising that the permit would expire on November 20, 2019, unless Plaintiff complied and put in the sod in the swale area. On November 20, 2019, the Building Official deemed the permit expired.

24. On February 5, 2020, a hearing in front of the City's Special Magistrate found Plaintiff was not in compliance with the Code and that Plaintiff must be in compliance by April 6, 2020, or be subject to a $100 per day fine until the swale was in compliance.

25. Plaintiff then appealed the Special Magistrate's order to the 17th Circuit Court on February 21, 2020.

26. On March 16, 2020, the Plaintiff filed a motion for extension and/or stay of the April 6th deadline to the Special Magistrate. Multiple meetings with the Special Magistrate were cancelled due to COVID-19. On September 2, 2020, the Magistrate hearing was held, and the Special Magistrate denied the motion for extension and/or stay.

27. On April 15, 2021, the 17th Circuit Court affirmed the Special Magistrate's order.

28. On July 19, 2021, Plaintiff then appealed to the 4th District Court of Appeal.

29. The 4th District Court of Appeal denied the writ of certiorari on July 27, 2021.

30. On August 19, 2021, the swale was replaced. A day later, on August 20, 2021, the permit was closed.

31. The Special Magistrate, on December 1, 2021, ordered the fine amount to be $7,500 without supporting findings.

32. No explanation was given by the Special Magistrate other than listing the factors to be considered in § 162.09 Fla. Stat. (2004), which do not apply to reduction requests.

33. Sec. 2-260(f) of the City's Code of Ordinances applies to reduction requests and gives the magistrate unbridled discretion to decide without any objective factors given.

34. Plaintiff had reason to believe based on statements of the magistrate that the fine would be zero. At previous hearings before and during the appeal, the magistrate stated that diligent prosecution of the appeal would be looked upon "favorably" when considering fines.

35. The ordinance, sec. 2-260(f), gives the magistrate unbridled discretion to arrive at any fine amount without guidance of objective criteria. The magistrate arrived at a decision of $7,500.

36. The Plaintiff then appealed to the City Commission pursuant to Sec. 2-260(f) of the Code of Ordinances of the City for review of the Special Magistrate's order. Plaintiff sought to reduce the fine from the order to $0 instead of $7,500, since the only reasons fines were enforced was due to the pendency of the appeal and waiting for a ruling from the Circuit Court.

37. On December 14, 2021, the city commission affirmed the fine of $7,500. During the meeting, the mayor of the City at the time, Glenn Troast, stated that the fine of $7,500 is reasonable and said it is also fair in light of comments made by Plaintiff's attorney in Initial Appellate Brief.

38. Mayor Troast specifically pointed to a sentence from Plaintiff's Initial Appellate Brief, which he interpreted as suggesting that someone from the city altered documents. Mayor Troast asserted the city did not alter documents but added no evidence to support this.

39. The Plaintiff did not make such a statement in the brief.

## COUNT I
## FIRST AMENDMENT RETALIATION

40. The allegations in paragraphs 1 through 39 are incorporated herein by reference.

41. This is an as-applied claim for violation of 42 U.S.C. § 1983, resulting from the City's violation of Plaintiff's right to free speech protected by the First Amendment of the United States Constitution, applied to the states through the Fourteenth Amendment.

42. The City is a "person" under 42 U.S.C. § 1983.

43. Plaintiff, by filing an appeal and stating in his brief that someone else other than Plaintiff altered his permit application, was engaging in free speech. Filing and making claims in a lawsuit or appellate brief is free speech and thus protected. *Spalding v. City of Chicago*, 186 F. Supp. 3d 884, 906 (Ill. N. Dist. Ct. 2016).

44. § 2-260(f) of the City of Lighthouse Point Code allows the Special Magistrate to reduce fines upon considering "the written request, the statements of the applicant or an authorized agent for the applicant, the recommendation of city administration, and *any other information deemed relevant*, and render a decision on the application." [emphasis added]. There are no objective criteria guiding the eventual decision on the fine amount imposed.

45. The above ordinance was passed by the City Commission, which is the final policy maker for the City.

46. The above ordinance was invoked by the magistrate in its decision to decide on the fine amount.

47. The only reason any fines accrued was due to seeking appellate remedies to challenge the City magistrate's decision to find the violation. There was a good faith basis to challenge the decision based on the sec. 14-1 of the City Code, which specifically contradicted the magistrate's decision.

6

48. After appealing in good faith, Plaintiff was penalized by the City only for seeking appellate relief in good faith.

49. The magistrate decided to impose a fine of $7,500.00, although the violation was not a public safety concern and only existed during the pendency of a good faith appeal.

50. Plaintiff then appealed the fine amount to the City Commission.

51. During the City Commission meeting, Mayor Troast stated that Plaintiff's attorney acted in a way that was "less than even handed" in the appeal, referring to statements made in the appeal, and that a fine of $7,500 was "very generous."

52. Plaintiff paid the $7,500 involuntarily "under protest", which payment the City accepted.

53. A person of ordinary firmness would be deterred from filing an appeal in the courts if a city commission can deny relief for any reason including on the basis of retaliating for speech exercised against the City in the appellate brief.

54. Plaintiff's statements, through counsel, made in a publicly filed appellate brief is protected speech.

55. There is a casual connection between Plaintiff's free speech and the City's adverse action motivated at least in part by Plaintiff's protected conduct, evidenced by the words of the mayor.

56. The City Commission and the Special Magistrate are each final policymakers in that they can reach a final decision on the matter of fines pursuant to the ordinance, sec. 2-260.

57. The adverse decisions of the Special Magistrate, which was affirmed by the City Commission, was made, at least in part, in retaliation for statements Plaintiff made through counsel in his appeal.

58. Plaintiff sustained damages caused by the City's speech retaliation, including but not limited to, economic damages of $7,500 that was required to be paid by the City, and noneconomic damages including emotional distress, inconvenience, and embarrassment.

WHEREFORE, Plaintiff demands judgment for the following:

A. Declaratory judgment finding that the City violated Plaintiff's First Amendment right to free speech without fear of retaliation; and

B. Award of economic and noneconomic damages to Plaintiff;

C. Award Attorney's fees and costs pursuant to 42 U.S.C. § 1988 and related statutes; and

D. Any other relief deemed just and proper by the Court.

## COUNT II
## DUE PROCESS VIOLATION

59. The allegations in paragraphs 1 through 39 are incorporated herein by reference.

60. This is an as-applied claim for violation of 42 U.S.C. § 1983 for violation of the Fourteenth Amendment's due process clause.

61. § 2-260(f) of the City of Lighthouse Point Code allows the Special Magistrate to reduce fines upon application. The Special Magistrate "shall consider the written request, the statements of the applicant or an authorized agent for the applicant, the recommendation of city administration, and *any other information deemed relevant*, and render a decision on the application." [emphasis added]

62. An ordinance may be unconstitutional "if it authorizes or even encourages arbitrary and discriminatory enforcement." *Set Enters. v. City of Hallandale Beach*, No. 09-61405-CIV-ZLOCH/ROSENBAUM, 2010 U.S. Dist. LEXIS 154575, at *96 (S.D. Fla. June 22, 2010) (citing *Hill v. Colorado*, 530 U.S. 703, 732 (2000)).

63. A legislative enactment "must give fair notice of conduct that is forbidden or required…. This requirement of clarity in regulation is essential to the protections provided by the Due Process Clause of the Fourteenth Amendment." *FCC v. Fox TV Stations, Inc.*, 567 U.S. 239 (2012). This "requires the invalidation of laws that are impermissibly vague." *Id.*

64. A person governed by the enactment "should know what is required of them so they may act accordingly." *Id.*

65. The vagueness of the ordinance "delegates basic policy matters" to the Special Magistrate and allows for him to have unbridled discretion as to setting the fine amount. *Id.*; See *Friends of the Great Southern, Inc. v. City of Hollywood*, 964 So. 2d 827, 830 (Fla. 4th DCA 2007).

66. The Special Magistrate does not provide an explanation in his decision other than referring to the factors in § 162.09(1) as his basis for reducing the fine. Those factors do not apply to fine reductions, and the City has adopted its own alternative code enforcement system as permitted by Ch. 162, Florida Statutes.

67. The failure to provide objective criteria to guide the magistrate in his decision to impose a reduced fine amount is fatal to the City's fine imposition against Plaintiff.

68. The fines imposed against Plaintiff are constitutionally invalid because of the failure to provide objective criteria for fine reductions in § 2-260(f).

69. Upon making the decision to bring the appeal, Plaintiff did not have notice of what eventual fine amount he might be required to pay.

70. Based on the magistrate's statements in status hearings during the appeal, it was conveyed that diligence prosecution of the appeal would be looked upon favorably in setting the fine upon conclusion of the appeal.

71. When Plaintiff lost the appeal, he was shocked to find out that the magistrate would impose fines at all, which only accrued because Plaintiff sought appellate remedies of a suspect decision that arguably violated the City's code.

72. After appealing in good faith, Plaintiff was penalized by the City only for seeking appellate relief in good faith.

73. Plaintiff's constitutional right to due process of law was violated because the vague ordinance § 2-260(f) gave unbridled discretion to the magistrate to set the fines based on anything deemed "relevant".

74. The magistrate and the City Commission are both final policy makers for the City, pursuant to Sec. 2-260.

75. The violation of Plaintiff's constitutional right to due process of law was the proximate cause of the damages sustained by Plaintiff, including economic damages in the amount of $7,500.00, and noneconomic damages for emotional discretion, mental anguish, embarrassment, inconvenience, and the like.

WHEREFORE, Plaintiff demands judgment for the following:

A. Declaratory judgment finding that the City violated Plaintiff's Fourteenth Amendment right to due process of law based on § 2-260(f), which is void for vagueness as applied to Plaintiff, and that the City may not enforce any fines against Plaintiff under a regulatory scheme that permits citizens to be ultimately subject to unbridled discretion of the appointed magistrate; and

B. Award of economic and noneconomic damages to Plaintiff;

C. Award Attorney's fees and costs pursuant to 42 U.S.C. § 1988 and related statutes; and

    D.  Any other relief deemed just and proper by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

Dated:   9/13/22                              Respectfully submitted,

                                                         /s/      Rainier Regueiro_____
                                                         Rainier Regueiro, Esq.
                                                         Fla. Bar No.: 115578
                                                         GALLARDO LAW OFFICE, P.A.
                                                          8492 SW 8th Street
                                                          Miami, Florida 33144
                                                          Telephone: (305) 261-7000